**William B. DENDY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 359, Docket 26732.**

United States Court of Appeals
Second Circuit.

Argued April 20, 1961.

Decided May 8, 1961.

Tench T. Marye, Arlington, Va. (Anthony F. Marra, New York City, on the brief), for appellant.

Henry Bramwell, Asst. U. S. Atty., Eastern District of New York (Elliott Kahaner, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Appellant attacks a two-count conviction for aiding and abetting the forgery and uttering of a Treasury check. There was evidence that the check was mailed by the Treasury, the check was never received by the payee, that the payee never authorized anyone to endorse or cash it, that appellant knew the check must have been stolen, that he had the check in his possession, that he selected a grocery store in which it was to be cashed, helped prepare identification to be used to cash it, and shared in the proceeds when it was cashed.

Appellant contends the indictment is defective as charging the forgery of a check while the proof shows forgery of an endorsement. The indictment, however, charges the forgery of the payee's name, a sufficient allegation of violation of the statute, even if the label given the crime should be held incorrect. Gaunt v. United States, 1 Cir., 1950, 184

F.2d 284, 289, certiorari denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662, rehearing denied 340 U.S. 939, 71 S.Ct. 488, 95 L. Ed. 678. Likewise, the time, place and identity of the check is sufficiently set forth to apprise defendant of the charge and insure against danger of later prosecution for the same offense (see Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861), even if the name of the principal in the forging and uttering and of the person who cashed the check are not set forth. These details, if known, could have been obtained by bill of particulars.

The witness Burns, passer of the check, testified she had pleaded guilty to the charge involving the check. Appellant claims this was untrue and prejudicial. Even if untrue, it can hardly have harmed appellant in view of Burns' testimony as to her part in the transaction, which appellant could not successfully refute. We find no error in the indictment, trial or sentence.

Affirmed.