**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William T. HARRIS, Defendant-Appellant.**

**No. 74–1967.**

United States Court of Appeals, Sixth Circuit.

Argued June 9, 1975.

Decided Sept. 25, 1975.

William J. Dammarell, Cincinnati, Ohio (Court-appointed, C.J.A.), for defendant-appellant; William Thomas Harris, pro se.

Frederick M. Coleman, U. S. Atty., William D. Beyer, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before WEICK and MILLER, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

This is a direct appeal by Harris from a judgment of conviction entered upon a jury verdict of guilty of aiding and abetting in the commission of an armed bank robbery and of placing lives in jeopardy by the use of a dangerous weapon in violation of Title 18 U.S.C. §§ 2 and 2113(a) and (d). He was sentenced to 12 years imprisonment and to become eligible for parole after serving one-third of his sentence pursuant to the provisions of 18 U.S.C. § 4208(a)(1).

Richland Trust Bank, Boulevards Branch of Mansfield, Ohio, the deposits of which were insured by the Federal Deposit Insurance Corporation, was robbed of about $38,890 by four armed females on January 2, 1973.

Three of the women namely, Christine Thomas, Diana Talley and Lillian Hardrick were indicted for bank robbery by the grand jury and entered pleas of guilty. They were sentenced under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(b). The fourth one, Greela Cline, admitted that she was delinquent and was sentenced under the provisions of 18 U.S.C. § 5034.

Proof was offered by the government to the effect that Harris had planned

and engineered the robbery and shortly afterward was in the possession of two bags of money and also handguns.

## I

■ Harris contends that the indictment is fatally defective because it does not name the principal whom he was alleged to have aided and abetted, because it does not state in what respect or respects he aided and abetted and lastly because it is confusing.

The alleged confusion arises because of the allegation that defendant . . . "in committing the aforesaid acts, did aid and abet and assault Artie Reed (the bank teller) and others . . ."

The indictment, although inartistically drawn, does indeed allege all of the essential elements of the crime. It informed Harris that he was charged with aiding and abetting the commission of an armed bank robbery and assault with a dangerous weapon in violation of 18 U.S.C. §§ 2, 2113(a) and (d). This fairly informed him of the crime charged. *Walker v. United States,* 439 F.2d 1114 (6th Cir. 1971); *Eisner v. United States,* 351 F.2d 55 (6th Cir. 1965). It was certainly adequate to enable him to prepare his defense and also provide a basis for a plea of double jeopardy, if charged again. *United States v. Debrow,* 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); *United States v. Rudinsky,* 439 F.2d 1074 (6th Cir. 1971); *Anderson v. United States,* 215 F.2d 84, 86 (6th Cir. 1954), *cert. denied,* 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698 (1954).

■ It was not necessary that the indictment name the principals who committed the offense. Their names are not essential elements of the offense. Furthermore, an aider and abetter may be held as a principal. *United States v. Debrow, supra; Dendy v. United States,* 290 F.2d 222 (2nd Cir. 1961); *Cf. United States v. Shropshire,* 498 F.2d 137, 140 (6th Cir. 1974), *cert. dismissed,* 420 U.S. 901, 95 S.Ct. 838, 42 L.Ed.2d 845 (1975).

Harris made no pretrial objection to the sufficiency of the indictment, Rule 12(b)(2), Fed.R.Crim.P. He made no request for a bill of particulars pursuant to Rule 7(b), Fed.R.Crim.P. to obtain more definite information.

■ An indictment is construed liberally in favor of sufficiency when objection is made for the first time after verdict or judgment. *United States v. Gibson,* 513 F.2d 978 (6th Cir. 1975); *United States v. Norman,* 391 F.2d 212 (6th Cir.), *cert. denied,* 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968).

We do not read the indictment as intending to allege that Harris aided and abetted the teller but merely that his conduct did aid and abet in the commission of the bank robbery and in the assault on the teller.

## II

In order to prove the participation of Harris as aiding and abetting in the bank robbery, the government called three of the female co-defendants as witnesses. Each had previously given written statements to the F.B.I. in which she stated that Harris had planned the bank robbery, had provided certain implements and contemplated taking a share of the money seized at the bank. Greela Cline had also testified to the same effect before a federal grand jury.

Each of the three co-defendants at the trial admitted her participation in the bank robbery and her friendship with Harris but, contrary to her statement to the F.B.I., denied that he had participated either in the robbery or in its planning.

Government counsel sought to cross-examine each witness and to impeach her credibility on the ground that the witness was hostile. At first, the court denied permission on the ground that government counsel had been advised by the three witnesses the day before the trial that they would repudiate their statements. Hence, their repudiation at the trial would come as no surprise.

The court then decided to conduct a voir dire hearing in the absence of the jury. At the hearing the court determined that the three women were, in

fact, hostile witnesses. It decided to permit limited cross-examination and impeachment of the witnesses by the use of the portion of their prior statements which contradicted their testimony at the trial. The court also instructed the jury that the prior statements were not evidence of any of the facts therein contained but were admissible and could be considered only on the issue as to the credibility of the witnesses. The court would not permit Greela Cline to be questioned until she had consulted her lawyer who was required to appear in court during the questioning. This precaution was taken because she had given sworn testimony before the federal grand jury.

After consultation with her lawyer, Greela Cline changed her previous testimony and testified as to the participation of Harris in the planning of the robbery. The other two co-defendants did not change their testimony and they were cross-examined concerning their prior written statements which were received in evidence for the limited purpose of impeachment. Government counsel commented on the statements in his argument to the jury.

■ In our opinion the procedure followed by the District Court was correct and was in full compliance with our decision in *United States v. Bryant,* 461 F.2d 912, 918 (6th Cir. 1972). In *Bryant,* we rejected "as unsound and illogical the rule that prohibits a party from impeaching a witness whom he calls."

Rule 607 of the Federal Rules of Evidence, although not adopted at the time of the trial, recognizes this principle. It provides:

> The credibility of a witness may be attacked by any party, including the party calling him.

See also the Advisory Committee's note.

### III

Harris finally complains about the argument of the United States Attorney to the jury.

It is significant that no objection was made to the argument at the time it was made.

In his motion for a new trial, Harris complained that the court was in error in permitting Greela Cline's prior statement to be read to the jury. The court found that a proper foundation had been laid before the prior statements had been read and that the reading from them was proper. We agree.

■ Relative to other portions of the argument concerning which no objection was made, we are required by Rule 52(b) Fed.R.Crim.P. to find plain error in order to warrant reversal. *United States v. Phillips,* 510 F.2d 134, 136 (6th Cir. 1975); *United States v. Miriani,* 422 F.2d 150, 153 (6th Cir.), *cert. denied,* 399 U.S. 910, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970).

The purpose of requiring an objection is to give the trial judge the opportunity to correct any error which may exist. We are unable to find either plain error or any prejudicial error in the argument of the United States Attorney to the jury.

Affirmed.