**UNITED STATES of America, Appellee,**

v.

**Riley Ray FULTZ, Appellant.**

**No. 79–1208.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1979.

Decided July 31, 1979.

Clark L. Holmes, Des Moines, Iowa, on brief, for appellant.

Rosanne Barton Conlin, U. S. Atty., and Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

GIBSON, Chief Judge.

Riley Ray Fultz appeals his conviction of charges arising from the robbery of the Breton National Bank of South Des Moines in Des Moines, Iowa, on May 19, 1978. On July 25, 1978, a federal grand jury returned a two-count indictment against Fultz. Count I charged violation of 18 U.S.C. §§ 2 and 2113(d).[1] Count II charged him with conspiring with Curtis Gale Doby and John Stanley Campbell to rob the bank in violation of 18 U.S.C. § 371.[2] The indictments against Fultz and Campbell were consolidated for trial, and Doby was tried separately.[3] After trial, a jury returned a guilty verdict on both counts against Fultz on November 16, 1978. On February 28, 1979, Chief Judge Stuart sentenced Fultz to a term of imprisonment for twenty-five years on the first count, and for a period of five years on Count II, the terms to run concurrently.

On appeal, Fultz urges three grounds for reversal of his conviction: defective indictment; misconduct on the part of law enforcement officials; and introduction of improper testimony before the jury. We find the errors, if any, do not warrant reversal and affirm his conviction.

## I. The Indictment

Appellant asserts that a mistake contained in Count I of the indictment created sufficient confusion to deny him effective assistance of counsel as well as procedural due process because it did not suffi-

---

1. 18 U.S.C. § 2 provides:
   § 2. Principals
   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
   (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
   18 U.S.C. § 2113(d) provides:
   § 2113. Bank robbery and incidental crimes
   \* \* \* \* \* \*
   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. 18 U.S.C. § 371 in pertinent part provides:
   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both \* \* \*.

3. Doby was found guilty and sentenced, and this court upheld the conviction in *United States v. Doby*, 598 F.2d 1137 (8th Cir. 1979).

ciently apprise him of the crux of the offense with which he was charged to enable him to formulate a proper defense. Count I of the indictment first charges Riley Ray Fultz with regular bank robbery in terms of the statutory language of 18 U.S.C. § 2113(a).[4] Then it lists Curtis Gale Doby as having put in jeopardy the life of a bank teller by means and use of a dangerous weapon while committing the robbery.[5] This latter charge constitutes aggravated bank robbery in violation of 18 U.S.C. § 2113(d).[6]

■ It appears that the Government in drafting the indictment inadvertently substituted the name of Curtis Gale Doby when it intended to use Fultz's name. The District Court recognized that the Government had not intended to charge the crime in the manner in which it appears in the indictment, but indicated that it would hold the Government to proof of the indictment in the form in which it was drafted. The court concluded that Count I could properly be read as charging that Fultz, during the commission of the robbery, had aided and abetted Curtis Gale Doby in assaulting a bank employee with a dangerous weapon. All three of the bank robbers were armed. The court found that the Government had presented sufficient evidence on this charge to submit it to the jury.[7] The jury found him guilty.

The United States Supreme Court, in *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), stated:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

*See also United States v. Starr*, 584 F.2d 235, 237 (8th Cir. 1978), *cert. denied*, 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979); *United States v. Brown*, 540 F.2d 364, 371 (8th Cir. 1976); *Tasby v. United States*, 504 F.2d 332, 335 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975).

We agree with the District Court that Count I of the indictment sufficiently apprised the defendant of the charges against him to enable him to prepare his defense. The indictment clearly set forth all of the essential elements of a violation of 18 U.S.C. § 2113(d) in terms of the statutory language. The substitution of the name of

---

**4.** 18 U.S.C. § 2113(a) provides in relevant part:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association;

\* \* \* \* \* \*

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

**5.** Count I of the indictment states:

On or about the 19th day of May, 1978, at Des Moines, in the Southern District of Iowa, RILEY RAY FULTZ, by force and violence and by intimidation, did take from the person and presence of Shirley Booth, teller, about $24,405.50 in money belonging to and in the care, custody, control, management and possession of the South Des Moines National Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and CURTIS GALE DOBY in com-

mitting the aforesaid offense, did assault one Shirley Booth, an employee of the aforesaid bank, and did put in jeopardy the life of the said Shirley Booth by means and use of a dangerous weapon, that is, a sawed-off shotgun and revolver.

This is in violation of Title 18, United States Code, Section 2113(d) and 2.

**6.** Title 18 U.S.C. § 2113(a) can be considered a lesser included offense of 18 U.S.C. § 2113(d). *Scruggs v. United States*, 450 F.2d 359, 364 (8th Cir. 1971), *cert. denied sub nom. Chambers v. United States*, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972).

**7.** Furthermore, the District Court concluded that had there been a failure of proof on the element of aiding and abetting putting a life in jeopardy by use of a dangerous weapon, the indictment would still have been able to stand on the bank robbery charge without the aggravation portion.

Curtis Gale Doby merely indicated that Fultz had not actually performed the actions constituting the aggravation portion of the robbery, but did assist and abet in that aggravation. The language of the indictment indicated that the grand jury considered Riley Ray Fultz responsible for the commission of the actions constituting the aggravation portion of the robbery. This logical reading of the language and the citation to the aiding and abetting statute, 18 U.S.C. § 2, was sufficient to apprise Fultz of the charge of violation of 18 U.S.C. § 2113(d) against which he had to defend. As this court stated in *United States v. Garrison*, 527 F.2d 998, 999 (8th Cir. 1975); "[I]t is not necessary that an indictment state how and in what manner the defendant aided and abetted another in the commission of an offense against the United States." And an aider and abetter may be held liable as a principal. 18 U.S.C. § 2. *See also United States v. Harris*, 523 F.2d 172, 174 (6th Cir. 1975). The trial transcript indicates that Fultz was not unfairly surprised at the evidence that he was called upon to meet.

Count I of the indictment is also sufficient to enable Fultz to plead his conviction as a bar to future prosecutions for the same offense. The indictment charged him with aggravated bank robbery of the Breton National Bank of South Des Moines on May 19, 1978, and it protects him against the possibility of double jeopardy arising from this event. The evidence showed Fultz to be both a principal and an aider and abetter of other principals.[8]

### II. Misconduct on the Part of Law Enforcement Officials

On May 26, 1978, law enforcement officials obtained evidence relating to the bank robbery in a search of the Doby residence.[9] Before trial, the District Court found the search of Doby's residence to be illegal, and suppressed the evidence seized in the search. Fultz, however, is dissatisfied with the remedy of suppression of the evidence, and contends that the illegal search mandates dismissal of the indictment or a directed verdict. This argument directly opposes established law and practice. In *United States v. Blue*, 384 U.S. 251, 255, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), the Supreme Court stated:

> Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book.

The trial judge suppressed the illegally seized evidence. Dismissal of the indictment or a directed verdict was not required. On the contrary, granting this relief to the defendant would drape a cloak of immunity around a perpetrator of a serious crime, and would be inimical to the public's interest in law enforcement.

### III. Testimony

Fultz argues that testimony by a Government witness, Paula Ross Skrove, improperly alleged his involvement in unrelated crimes. In particular Fultz alleges that Skrove intimated that he was guilty of possession of burglary tools.[10] After the completion of the presentation of the evi-

---

8. The record also reveals that Fultz held a shotgun six inches from bank employee Patricia Mixdorf's face, threatening her with it.

9. The circumstances of this search are described in *United States v. Doby*, 598 F.2d 1137 (8th Cir. 1979).

10. The relevant testimony was as follows:

Q Now, do you recall anything specifically happening at the Howard Johnson's, the second Howard Johnson's?

A We drilled a hole through the wall.

Q How many rooms did you have at that Howard Johnson's?

A Two.

Q Who was staying in those rooms?

A Riley and I stayed in one, and Campbell stayed in the other.

Q And you stated— You said you drilled. Did you have some kind of tools, or how did you get through the wall?

dence, the defendants moved for a mistrial on the basis of this testimony, which motion the District Court denied.

We find it unnecessary to decide if this testimony is permissible under Fed.R.Evid. 404(b), *see United States v. Maestas*, 554 F.2d 834, 836 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977), because upon a review of the record as a whole we conclude that it is beyond a reasonable doubt that the asserted error did not influence the jury or had but slight effect. *See United States v. Aaron*, 553 F.2d 43, 46 (8th Cir. 1977); *Wright v. United States*, 389 F.2d 996, 1000 (8th Cir. 1968); *Atkinson v. United States*, 344 F.2d 97, 101 (8th Cir.), *cert. denied*, 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1965); Fed.R.Crim.P. 52(a). Directly after the challenged testimony, in the presence of the jury, the judge stated his belief that the testimony was not relevant. There was no evidence of bad faith on the part of the Government in eliciting the testimony, but rather the record reveals that the Government made substantial efforts to impress upon this particular witness that she was not to refer to the prior criminal activities of the defendant. In discussing the matter outside of the presence of the jury, the court repeatedly emphasized its willingness to specifically instruct as to the irrelevance of the testimony, although it also expressed its feeling that "since it was underplayed at that time, any further reference would merely exaggerate the effect of that particular testimony." Bearing this advice in mind, we note that defense counsel failed to request instructions regarding this testimony. Furthermore, the evidence of defendant's guilt presented to the jury was overwhelming. Bait money from the bank was found on Fultz's person at the time he was arrested. A former employee of the bank who had carefully observed the robbers during the

commission of the robbery clearly identified the defendant as a participant, and the witness who gave the challenged testimony also testified in detail regarding the defendant's planning of and the flight after the commission of the robbery.

Conviction affirmed.

---

A Okay. We had a car something or other that they bust—or he had said that they bust the locks off the cars with to break into them and steal them.

MR. LADEN: Your Honor—

THE WITNESS: They had a little saw, a big saw.

THE COURT: Just a moment. I don't believe that the details of how the hole was made would be relevant to this matter, so I—

MR. LADEN: On behalf of Mr. Holmes and myself, may we take the matter up outside the presence of the jury when we take this other matter up also?

THE COURT: Yes.