UNITED STATES of America, Appellee,

v.

Gerald CENTER, Appellant.

No. 84–1715

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1984.

Decided Dec. 26, 1984.

---

William H. Coacher, Sturgis, S.D., for appellant.

Reed Rasmussen, Rapid City, S.D., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Gerald Center appeals from a final judgment entered in the District Court[1] for the

District of South Dakota upon a jury verdict finding him guilty of assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(c), 1153 (1982). The district court sentenced appellant to a term of five years imprisonment. For reversal appellant argues that the district court lacked jurisdiction and, if the district court had jurisdiction, erred in denying his motion for judgment of acquittal because the evidence was insufficient to support the jury verdict. For the reasons discussed below, we affirm the judgment of the district court.

■ The facts are not disputed. Appellant first argues that the district court lacked jurisdiction because the offense with which he was charged, assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(c), is not one of the crimes enumerated in the Major Crimes Act, 18 U.S.C. § 1153. The Major Crimes Act represents a "carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of the Indian tribes to punish Indians for crimes committed on Indian land," *United States v. Wheeler,* 435 U.S. 313, 325 n. 22, 98 S.Ct. 1079, 1087 n. 22, 55 L.Ed.2d 303 (1978). Appellant argues that because the Major Crimes Act, 18 U.S.C. § 1153 includes "assault with a dangerous weapon" and "assault resulting in serious bodily injury" but does not include "assault with a dangerous weapon with intent to do bodily harm," the district court did not have jurisdiction over assault with a dangerous weapon with intent to do bodily harm.

■ We reject appellant's argument. The Indian Crimes Act of 1976, Pub.L. No. 94–297, 90 Stat. 585 (codified at 18 U.S.C. §§ 113, 1153), provides that the crime of assault with a dangerous weapon as enumerated in 18 U.S.C. § 1153 shall be defined and punished in accordance with federal law. *See United States v. Johnson,* 637 F.2d 1224, 1230–32 (9th Cir.1980), *cit-*

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the Dis-   trict of South Dakota.

*ing* H.R.Rep. No. 1038, 94th Cong., 2d Sess. 6, *reprinted in* 1976 U.S.Code Cong. & Ad.News 1125, 1125–29. The substantive federal crime of assault with a dangerous weapon as defined in 18 U.S.C. § 113(c) includes the additional element of intent to do bodily harm. For this reason, the crime of "assault with a dangerous weapon" enumerated in 18 U.S.C. § 1153 is defined by 18 U.S.C. § 113(c) and therefore includes "assault with a dangerous weapon with intent to do bodily harm." We hold that the district court had jurisdiction.

■ Appellant also argues that there was insufficient evidence to convict him and therefore the district court erred in denying his motion for judgment of acquittal. Evidence is sufficient to convict if, when viewed in the light most favorable to the government, there is substantial evidence to support the verdict. *See Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Schmidt,* 626 F.2d 616, 617 (8th Cir.), *cert. denied,* 449 U.S. 904, 101 S.Ct. 278, 66 L.Ed.2d 136 (1980). We hold there was sufficient evidence to support the jury verdict. The evidence showed that appellant had a knife in his possession shortly before the assault. There was evidence that appellant was seen approaching the victim with a knife and swinging the knife shortly before the victim was stabbed. In addition, a witness testified that appellant had told her that he was sorry for what he had done. Another witness testified that one of appellant's children had said that his father told him to hide the knife that he had "used" on the victim.

Accordingly, the judgment of the district court is affirmed.