**UNITED STATES of America, Appellee,**

v.

**Michael DRAPE, Appellant.**

**No. 84–1560.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1985.

Decided Jan. 24, 1985.

Rehearing Denied Feb. 20, 1985.

Robert Beaird, Kansas City, Mo., for appellant.

Richard J. Marien, Kansas City, Mo., for appellee.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

## PER CURIAM.

Michael Drape appeals from a final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of making false declarations before a special federal grand jury in violation of 18 U.S.C. § 1623. The district court sentenced appellant to one year imprisonment, with that portion in excess of five months suspended, and three years probation upon his release from confinement, and fined appellant $1,000. For reversal appellant argues that the district court erred in (1) failing to properly instruct the jury, (2) failing to dismiss the indictment because the questions by the grand jury were vague and because the indictment failed to sufficiently state the offense, and (3) failing to grant appellant's motion for judgment of acquittal because the alleged perjurious statements were not material and because the evidence was insufficient to support the jury verdict. For the reasons discussed below, we affirm the judgment of the district court.

Keeping in mind that the evidence must be construed in the light most favorable to the jury verdict, *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the facts can be summarized as follows. On December 1, 1981, agent Michael Wamser of the Internal Revenue Service (IRS) visited James Duardi at his home to inform him that he was being investigated for possible federal income tax evasion and failure to file federal income tax returns for the years 1978, 1979, and 1980. Duardi told Wamser that those returns had been prepared and filed by his attorney and bookkeeper, Michael Drape.

Wamser and another IRS agent went to appellant's law office later that same day. Wamser told appellant of the purpose of his visit. Appellant stated that Duardi's 1978, 1979 and 1980 federal income tax returns had been timely prepared and filed. When asked if he had copies of these returns, appellant responded affirmatively but stated that they were at his home where he kept Duardi's file. Appellant also informed Wamser that he prepared Duardi's returns for several years without charge because Duardi had sent appellant many clients in the beginning of appellant's legal career.

Appellant agreed that he would secure power of attorney from Duardi in order to be able to fully discuss Duardi's tax matters with Wamser. On December 18, 1981, Wamser received an envelope from appellant containing an executed power of attorney form and one copy of each of three federal tax returns for 1978, 1979 and 1980.

On March 15, 1982, Wamser received another set of copies of Duardi's federal tax returns for the years 1978, 1979 and 1980. This set was identical to the first returns received by Wamser except that the second set was labelled "March set" and had social security numbers typed into the appropriate boxes on the returns.

On April 9, 1982, appellant telephoned Wamser to ask if appellant could have the copies of Duardi's 1978 and 1979 returns that he had mailed to Wamser, apparently having misplaced his own copies. Wamser

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

copied on his office copy machine the "March set" of the 1978 and 1979 returns and sent to appellant the copies that agent Wamser made at his office.

On July 14, 1982, appellant appeared before a federal grand jury and testified that he believed that the 1978 and 1979 returns were timely prepared and filed, even though he had failed to timely file Duardi's 1980 federal tax return. He also testified that he copied the 1978 and 1979 returns in 1979 and 1980, respectively, at the time he filed the returns in the proper year. Appellant testified that he had mailed to Wamser the 1979 and 1980 copies of the returns.

At appellant's trial on the perjury charge the government called James M. Davidson, a documents examiner. Davidson testified that appellant had made the photocopies of Duardi's returns on a copy machine at the public library across the street from appellant's law office. According to library records, the copies were made between November 30, 1981, and February 27, 1982. Davidson also testified that the copies provided to Wamser were reproductions of original federal income tax forms attached to Duardi's 1978 and 1979 Missouri income tax returns which were filed with the State of Missouri on December 18, 1981, and December 21, 1981.

Appellant admitted that his testimony before the grand jury was false but claimed that he did not intentionally testify falsely. He testified that he was not confused, but that he had forgotten what he had done concerning the tax returns. Appellant was convicted of willfully and knowingly making a false material declaration to the grand jury in response to the government's questions under oath as a witness.

Appellant argues that the district court improperly instructed the jury because the instructions failed to define with substantial particularity the statements alleged to be perjurious. The district court's instruction about the elements of the offense was taken from 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 33.10, at 98 (3d ed. 1977). A complete reading of the indictment by the district court to the jury immediately preceded this instruction.

■ The district court's charge to the jury must accurately reflect the applicable law. The district court has broad discretion in formulating the wording of its instruction. *United States v. Williams*, 604 F.2d 1102, 1120 (8th Cir.1979). Considering the jury instructions in this case as a whole, we hold that the district court thoroughly instructed the jury about the law and the evidence in this case.

Next, appellant argues that the district court erred in failing to dismiss the indictment because the questions propounded by the grand jury were vague and subject to misunderstanding and lacked sufficient specificity.

■ We reject appellant's argument. "Precise questioning is imperative as a predicate for the offense of perjury." *Bronston v. United States*, 409 U.S. 352, 362, 93 S.Ct. 595, 602, 34 L.Ed.2d 568 (1973). After careful examination of the record, however, we agree with the district court that although "not perfectly phrased, [the grand jury questions] are sufficiently clear and precise to form the basis for the perjury charge." *United States v. Drape*, No. 83–00164–01–CR–W–3, slip op. at 2 (W.D.Mo. Feb. 21, 1984) (order denying motions to dismiss indictment).

■ Appellant also argues that the district court erred in failing to dismiss the indictment for failure to state an offense. The district court considered this argument and stated:

This is more than adequate to inform the defendant in which way his statements are alleged to be false. This need not include the evidentiary details of how the defendant knew that the statements were false.

The indictment tracks the language of the appropriate statute, contains all of the essential elements of the offense charged, and informs the defendant of the charge against which he must defend, enabling him to plead an acquittal

or conviction in bar of future prosecution for the same offense.

*United States v. Drape,* No. 83–00164–01–CR–W–3, slip op. at 6. The district court's conclusion is consistent with the cases of this circuit. *See United States v. Fultz,* 602 F.2d 830, 832 (8th Cir.1979); *Tasby v. United States,* 504 F.2d 332, 335 (8th Cir. 1974), *cert. denied,* 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975). We agree with the district court that the indictment sufficiently apprised appellant of the charges against him.

Appellant argues that the district court erred in failing to sustain his motion for judgment of acquittal because the alleged perjurious statements were not material to the grand jury investigation and because the indictment failed to demonstrate how the alleged falsity impeded the grand jury deliberations and investigations. The district court expressly found that appellant's false declarations were material and substantial to the grand jury's investigation.

In *United States v. Ostertag,* 671 F.2d 262, 264 (8th Cir.1982) (citations omitted), we stated that "[t]he test of materiality is whether or not the statements alleged to be perjurious tend to impede or hamper the course of the investigation by the grand jury." We agree with the district court that appellant's false statements that he possessed copies of the original 1978 and 1979 federal tax returns made at the time the original returns were timely prepared and filed were material to the grand jury's investigation concerning failure to file federal tax returns and evasion of federal income taxes by James Duardi.

Finally, appellant argues that there was insufficient evidence to convict him and therefore the district court erred in denying his motion for acquittal. Evidence is sufficient to convict if, when viewed in the light most favorable to the jury verdict, there is substantial evidence to support it. *United States v. Center,* 750 F.2d 724, at 726 (8th Cir.1984) (per curiam), *citing Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence presented by Davidson, the librarian, the IBM repair person and the IBM usage cards demonstrated that appellant made copies of the original 1978 and 1979 federal tax returns between November 30, 1981, and February 27, 1982, and not in 1979 and 1980 as appellant had testified before the grand jury. We hold, therefore, that there was sufficient evidence to support the jury verdict.

Accordingly, the judgment of the district court is affirmed.