16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dennis David SAMUELS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3675.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1994.
 
 Before: GUY and SILER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Dennis Samuels appeals the district court's refusal to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. He was convicted of possessing cocaine with intent to distribute and possessing a firearm during the commission of a drug trafficking crime. He claims: (1) a faulty indictment on the gun charge; and (2) ineffective assistance of counsel. For reasons stated herein, we AFFIRM.
 
 BACKGROUND
 
 2
 Samuels, along with two other defendants, was indicted in 1988. Count 1 charged him and two other defendants with a conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846; Count 2 charged the three defendants again with a substantive charge of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1); Count 3 charged Samuels alone with possessing a firearm by an illegal alien, in violation of 18 U.S.C. Sec. 922(g)(5); and Count 4 charged Samuels alone with using or carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). A fifth count of the indictment charged a codefendant only, and is not relevant to this case.
 
 
 3
 Samuels originally pleaded guilty to Counts 1 and 4, but he was allowed to withdraw that plea later. Thereafter, the prosecution dismissed Count 1 (conspiracy) and Count 3 (alien possessing firearm). Thus, he went to trial on Counts 2 and 4 and was found guilty on both.
 
 
 4
 The indictment attacked by Samuels contained the following language in Count 2:
 
 
 5
 That on or about April 8, 1988, in the Northern District of Ohio, Eastern Division, DENNIS DAVID SAMUELS, aka "Rupert Smith", BERTRAM SMITH, and LAVERNA McHAYLE did knowingly and intentionally possess with intent to distribute approximately 1,000 grams of Schedule II narcotic drug controlled substance, to with, a mixture or substance containing a detectable amount of cocaine.
 
 
 6
 In violation of Title 21, Section 841(a)(1), and 841(1)(B); and Title 18, Section 2, United States Code.
 
 
 7
 Then, the language which Samuels claims was insufficient, is found in Count 4, as follows:
 
 
 8
 That on or about April 8, 1988, in the Northern District of Ohio, Eastern Division, DENNIS DAVID SAMUELS, aka "Rupert Smith", did use or carry a firearm unlawfully, to wit, a colt revolver caliber .357 magnum, serial number 3287, during the commission of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: Title 21, Section 841(a)(1), United States Code.
 
 
 9
 In violation of Title 18, Section 924(c)(1), United States Code.
 
 
 10
 No notice of appeal was filed after Samuels' sentence. However, the district court granted a motion to vacate pursuant to 28 U.S.C. Sec. 2255, and resentenced Samuels to allow a timely notice of appeal. The issue on direct appeal pertained to the sufficiency of the evidence to support the firearm conviction on Count 4. This court affirmed the conviction.
 
 I.
 
 11
 Samuels claims a deficiency in his original indictment. However, he did not raise this prior to trial, as required by Fed.R.Crim.P. 12(b). He also failed to raise this issue on direct appeal. Therefore, he must first prevail on the issue of ineffective assistance of counsel before obtaining any relief.
 
 
 12
 In order to establish a claim of ineffective assistance of counsel, he must show: (1) that counsel's performance fell below an objective standard of reasonableness and made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment and (2) prejudice resulting from such errors, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential" to protect the independence of counsel and, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689.
 
 
 13
 Appellate counsel need not raise every potentially meritorious claim available to the defendant, see Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel's role is that of "an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim." Evitts v. Lucey, 469 U.S. 387, 394 (1985) (citations omitted). Although unsuccessful, Samuels' appellate counsel raised on appeal the sufficiency of the evidence argument. No evidence exists to prove that, had counsel's argument focused on the indictment, the outcome of the proceeding would have been different.
 
 II.
 
 14
 Title 18 U.S.C. Sec. 924(c), contained in Count 4, reads, in pertinent part:
 
 
 15
 Whoever during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall ... be guilty of an offense against the United States.
 
 
 16
 Samuels claims that because Count 4 of the indictment did not specify the drug trafficking offense, it fails to state an essential element of the crime with which he is charged and thus does not meet the constitutional requirements of an indictment.
 
 
 17
 "An indictment is construed liberally in favor of sufficiency when the objection is made for the first time after verdict or judgment." United States v. Harris, 523 F.2d 172 (6th Cir.1975) (citations omitted). Thus, to prevail, Samuels must prove that the indictment "does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Wilson, 884 F.2d 174, 179 (5th Cir.1989) (citations omitted).
 
 
 18
 Samuels argues that since there is no specific reference to a drug trafficking crime in Count 4, he was left to speculate upon what he had to defend as to that element of Sec. 924(c). This argument is deficient for several reasons. First, an indictment must be "read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." United States v. Martin, 783 F.2d 1449, 1452 (9th Cir.1986).
 
 
 19
 Second, as Counts 1 and 3 were dismissed prior to trial, Count 2 was the only drug trafficking offense charged against Samuels. Even if previously unaware, this should certainly have been sufficient to put him on notice that Count 2 was the predicate drug trafficking crime referred to in Count 4. Third, the firearm referred to in Count 4 was found in the bedroom of Samuels' apartment. This is the same room where the cocaine was discovered. It is difficult to imagine how the offenses would be unrelated.
 
 
 20
 The indictment did not fail to provide Samuels with information necessary for him to prepare a defense. Further, Samuels has demonstrated no prejudice from the wording of Count 4 of the indictment nor the failure of his counsel to move to have it dismissed. Therefore, the decision of the district court denying the motion to vacate is AFFIRMED.