

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-1997

# United States v. Betancourt

Precedential or Non-Precedential:

Docket 96-7743

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Betancourt" (1997). *1997 Decisions*. Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 14, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 96-7743

UNITED STATES OF AMERICA

v.

DUHANN BETANCOURT,

APPELLANT

On Appeal From the District Court
of the Virgin Islands (Division of St. Croix)
(D.C. Crim. No. 96-cr-00010)

Argued: April 8, 1997

Before: BECKER, ROTH, and WEIS, Circuit Judges.

(Filed May 14, 1997)

MELODY M. WALCOTT, ESQUIRE
 (ARGUED)
Office of Federal Public Defender
P.O. Box 3450
Christiansted, St. Croix
U.S. Virgin Islands 00822

Attorney for Appellant

AZEKIAH E. JENNINGS, ESQUIRE
 (ARGUED)
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
U.S. Virgin Islands 00820

Attorney for Appellee

**OPINION OF THE COURT**

BECKER, Circuit Judge.

This is an appeal from the judgment of the district court following a jury trial convicting appellant Duhann Betancourt of the federal offense of possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k), and the territorial offense of possession of a sawed-off shotgun, 14 V.I.C. § 2253(b).1 The sole question on appeal is whether Betancourt is entitled to vacatur of one of the convictions on the ground that the two offenses are multiplicitous. Agreeing with the district court that they are not, we affirm.

I.

The facts underlying Betancourt's convictions are simple, and are set forth in the margin.2 Betancourt's argument

_____

1. On the federal count, Betancourt was sentenced to sixteen months; on the territorial count, he was sentenced to two years, to be served concurrently with the federal sentence.

2. Betancourt, along with his friends Levi Innocent and Delroy Josiah, was arrested when the Mitsubishi Mirage in which they were driving was pulled over by the Virgin Islands police. The police noticed the car after receiving a report that shots had been fired in the Castle Burke section of St. Croix. The officers searched the car and its passengers, but did not discover any weapons. A search of the area where the police had first spotted the Mirage turned up a 12-gauge sawed-off shotgun adjacent to the road. At the police station, Betancourt admitted that the shotgun was his and that he had thrown it out of the car window. While not relevant to the case on appeal, it is interesting to note that (co-defendant) Mr. Innocent pleaded guilty.

2

that the offenses are multiplicitous, i.e., they proscribe the same conduct, and hence that conviction for both violates the Double Jeopardy Clause, requires us to consider the teachings of Blockburger v. United States, 284 U.S. 299 (1932). There the Supreme Court explained that if "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. Thus, we must consider whether each offense for which Betancourt was convicted requires proof of a fact that the other does not. The relevant statutes are set forth in the margin.3

The elements of a 18 U.S.C. § 922(k) possession offense are (1) knowing possession; (2) of a firearm with an obliterated serial number; (3) that traveled through interstate or foreign commerce. The elements of a 14 V.I.C. § 2253(b) conviction are (1) possession; (2) of a sawed-off

_____

3. 18 U.S.C. § 922(k):

It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, anyfirearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive anyfirearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

* * * *

14 V.I.C. § 2253:

(b) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any machine gun or sawed-off shotgun, as defined in subsection (d)(2) and (3) of this section, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than two years nor more than five years and shall be fined not more than $7,000 . . . .

(d)(3) "Sawed-off shotgun" means any firearm, as defined in Title 23, section 451(d) of this Code, designed to fire through a smooth bore either a number of ball shot or a single projectile, the barrel of which is less than 20 inches in length.

3

shotgun (a weapon with a barrel length of less than twenty inches); (3) that the defendant was not authorized to possess. Cf. United States v. Xavier, 2 F.3d 1281, 1291 (3d Cir. 1993) (explaining elements of a §2253(a) conviction, possession of a firearm). Betancourt contends that, in ultimate essence, the territorial offense penalizes possession of a firearm. Additionally, he submits that the fact that a sawed-off shotgun was the particular firearm involved simply enhances the penalty for conviction under that provision, but does not itself constitute an element of the offense. Under these circumstances, the argument continues, conviction under the territorial provision requires only proof of facts also required for conviction under the federal provision, and the territorial offense is thus a lesser-included offense of the federal offense.

We disagree. It is clear to us that each offense requires proof of facts that the other does not. Conviction under the federal provision requires proof that the firearm had an obliterated serial number and that it was transported in interstate commerce. Conviction under the territorial provision requires proof that the firearm was a sawed-off shotgun and that possession of that firearm was not authorized by law. On its face, § 2253(b) makes clear that possession of a sawed-off shotgun is an element of the offense, not just a penalty enhancement. Moreover, even if Betancourt correctly argues that proof that the firearm was a sawed-off shotgun serves as a penalty enhancement rather than as an element of the offense under the territorial statute, the government still must prove a fact that is not an element of the federal offense to secure a conviction under the territorial provision: unauthorized possession. Cf. Xavier, 2 F.3d at 1291 (unauthorized possession is an element of proving possession of a firearm under § 2253(a)).

Although the purpose of a criminal provision is not an articulated factor in the Blockburger analysis, we also note that the two provisions plainly are aimed at different conduct. The purpose of the federal offense is to prevent an underground black market in illegal firearms by punishing conduct that makes tracing such weapons difficult. The purpose of the territorial offense, by contrast, is to

4

eradicate a specific type of firearm, a sawed-off shotgun, which the Virgin Islands legislature has apparently found particularly dangerous.

In short, while Betancourt's argument that the territorial offense in the final analysis punishes only possession may have a certain facial appeal, it cannot satisfy the Blockburger test. The judgment of the district court will be affirmed.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

5