**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LESLIE SMITH, Defendant**

Criminal No. F01/2000

Territorial Court for the Virgin Islands

Division of St. Thomas and St. John

August 15, 2003

P. COURTNEY REESE, ESQ., Assistant Attorney General, St. Thomas, Virgin Islands, *Attorney for Plaintiff*

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, Virgin Islands, *Attorney for Defendant*

SWAN, *Judge*

## MEMORANDUM OPINION

(August 15, 2003)

Before the Court is Defendant's motion to dismiss the charge of negligent homicide by means of a motor vehicle. 20 V.I.C. § 503. Explicating the basis for his motion, Defendant asserts that if the Government prosecutes this case, he will be twice put in jeopardy of a criminal prosecution, in violation of the Fifth Amendment to the United

States Constitution. The Fifth Amendment is applicable to the Virgin Islands, because of section 3 of the Revised Organic Act of 1954. For the following reasons, Defendant's motion will be denied.

## FACTS AND PROCEDURAL HISTORY

On May 16th, 1999, at approximately 4:30 p.m., Defendant Leslie Smith ("Smith") was operating his vehicle eastward on a public highway on St. Thomas commonly called the Bovoni Road. Smith attempted to overtake the vehicle ahead of him on the two-way road, while traveling uphill The hill obstructed Smith's view of oncoming traffic. Simultaneously, Mr. Neill Weiss ("Weiss") was operating his vehicle upon the same hill but from the opposite direction with several passengers, including his elderly parents. Smith drove over the hill while in Mr. Weiss' lane of travel at approximately 50 miles per hour and collided with Weiss' vehicle. Mr. Weiss' 90-year-old mother, Dagmar Weiss, (hereinafter "Mrs. Weiss") was critically injured in the collision. Unconscious, Mrs. Weiss was transported to the Roy Lester Schneider Hospital on St. Thomas. Subsequently, she was airlifted to Miami, Florida, for medical treatment associated with her injuries.

Because of the accident, Smith was issued a traffic citation for operating a motor vehicle in a negligent manner in violation of 20 V.I.C. § 503. On June 10, 1999, Smith pled guilty to that charge and paid a fine for the traffic citation.

On July 6th, 1999, approximately seven weeks after the accident, and almost four weeks after Smith entered his guilty plea, Mrs. Weiss died when she succumbed to her injuries sustained in the May 16, 1999, vehicular accident.

On January 4th, 2000, the Government of the Virgin Islands ("Government") charged Smith with negligent homicide by means of a motor vehicle in violation of 20 V.I.C. § 504. In his defense, Smith asserts that the charge of negligent homicide is explicitly prohibited by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, because that charge emanated from the same incident as the charge of negligent driving, for which he has already pled guilty and paid a fine.

## DISCUSSION

■ The Double Jeopardy Clause of the Fifth Amendment provides in pertinent part that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. The clause includes three separate guarantees of protection from prosecution: (1) once acquitted of a charge, a person shall not be prosecuted again for the same offense; (2) once convicted of a crime, a person shall not be prosecuted again for the same crime; and (3) a person shall not be punished twice for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264, 65 L. Ed. 2d 228 (1980).

■ In the landmark case of *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the United States Supreme Court enunciated the guideline for determining whether two offenses are the "same offense" within the meaning of the Double Jeopardy Clause of the Fifth Amendment. The test is commonly referred to as the *"Blockburger* test". The High Court states:

> "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

*Blockburger*, 284 U.S. at 304. The Court in *Blockburger* further opined that, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." 52 S. Ct. at 182. *See also United States v. Marshall,* 332 F.3d 254 (4th Cir. 2003). Additionally, if either offense requires proof of an additional fact, not part of and not necessary to the other, the double jeopardy prohibition does not apply. *United States v. Jackson*, 155 F.3d 942 (8th Cir. 1998); *United States v. Montgomery*, 150 F.3d 983 (9th Cir. 1998); *United States v. Betancourt*, 116 F.3d 74, 75 (3d Cir. 1997); *United States v. Bailey*, 112 F.3d 758 (4th Cir. 1997). Importantly, in the years since *Blockburger*, courts have used the terms "same facts" and "same element" interchangeably when discussing or referencing the *"Blockburger* test". For example, in *Whittlesey v. Conroy*, 301 F.3d 213

296

(4th Cir. 2002), the court in defining the *"Blockburger* test" states that "the same-elements test, sometimes referred to as the 'Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." Likewise, in *United States v. Foreman*, 180 F.3d 766 (6th Cir. 1999), the court, in referencing the *"Blockburger* test", states that the general test for double jeopardy challenges is the "same elements" test from *Blockburger* which asks whether each offense contains an element not contained in the other. *Id.* at 768.

For the past sixty-eight years, except for a three-year hiatus, the *"Blockburger* test" has been the standard utilized to determine whether different charges are actually the "same offense" or same crime for double jeopardy purposes. In 1990, the United States Supreme Court temporarily abandoned the *"Blockburger* test" and adopted the same-conduct test. *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990). The *Grady* court held that "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2087. It is noteworthy that the holding in *Grady* speaks of the pivotal term 'conduct' or 'will prove conduct that constitutes an offense' instead of another factor. Specifically, the Court held in *Grady* that in addition to passing the *"Blockburger* test", a subsequent prosecution must avoid a "same conduct" test to prevent double jeopardy in the second prosecution. However, in the 1993 case of *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993), the Supreme Court categorically overruled *Grady*. The Supreme Court held *inter alia*, that double jeopardy protections do not require that subsequent prosecution satisfy a "same conduct" test. *Dixon*, at 2849. The High Court further asserts in *Dixon* that the double jeopardy bar applies, if the two offenses for which the defendant is punished or tried cannot survive the "same elements" or *"Blockburger* test". As part of its rational[e], the Supreme Court succinctly states, *"Grady* must be overruled because it contradicted an unbroken line of decisions, contained less than accurate historical analysis, and has produced confusion. Unlike the *Blockburger* analysis, the *Grady* test lacks constitutional roots. It is wholly inconsistent with this Court's precedents

and with the clear common-law understanding of double jeopardy." Therefore, the High Court, in expressly overruling *Grady*, reverted to the previous "*Blockburger* test", or the "same elements" test, which is the prevailing authority and will be applied in this case.

 When comparing two offenses under *Blockburger* it is necessary that each offense has an element not contained in the other, before the offenses are considered not the same offense. Essentially, greater and lesser offenses are, for double jeopardy purposes, the same offense when the greater offense does not require proof of a fact different from that required to prove the lesser offense. *Brown v. Ohio*, 432 U.S. 161, 97 S. Ct. 2221 (1977). A lesser-included offense occurs when the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense. This means that the elements of the lesser offense form a subset of the elements of the greater offense. *New Hampshire v. Liakos*, 142 N.H. 726, 732, 709 A.2d 187 (1998) (citing *State v. Hall*, 133 N.H. 446, 449, 577 A.2d 1225, 1226 (1990)).

Smith was first charged with negligent driving.[1] The elements of that crime are (1) operating a vehicle in a negligent manner, (2) over and along a public highway of this Territory, and (3) in such a manner as to endanger or be likely to endanger any person or property. Crucially, Smith pled guilty to the negligent driving charge prior to Mrs. Weiss' demise. After that critical event, the Government charged Smith with negligent homicide by means of a motor vehicle.[2] The elements of negligent homicide are as follows: (1) the death of a person within one year, (2) as a proximate result of injury received by the operation of a vehicle, and (3) by a person under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others.

█ The most cursory comparison of the elements of negligent driving and negligent homicide immediately discerns the enormous differences between them. First, negligent homicide mandatorily involves the death of a person, whereas this element is conspicuously absent from the elements of negligent driving. Second, negligent driving involves the operation of a vehicle in a negligent manner, whereas negligent homicide

---

[1] 20 V.I.C. 503, Operating motor vehicle in negligent manner, *see* footnote 3 for full text of statute.

[2] 20 V.I.C. 504, *see* footnote 3 for full text of statute.

may involve the operating of a vehicle in a "reckless manner or with disregard for the safety of others" but never by operating a vehicle in a negligent manner. Importantly, the statutory language of negligent driving enumerates a distinct difference between operating a vehicle in a 'negligent manner' as opposed to operating a vehicle in a 'reckless manner'. Third, it is noteworthy that the term 'negligent manner' is an integral part of negligent driving, but that term is omitted from the statutory elements of negligent homicide. Fourth, negligent homicide may involve the driver of the vehicle being under the influence of or affected by intoxicating liquor or narcotic drugs or operation of a vehicle in a reckless manner or operation of a vehicle with disregard for the safety of others. The statutory language of negligent driving excludes these elements. Concededly, the most rudimentary analysis of the elements of both crimes compels the unassailable conclusion that both negligent driving and negligent homicide are different crimes, have different elements, and are not the greater or lesser-included offense of the other. Moreover, without conceding the fact, even if negligent driving is a lesser-included offense of negligent homicide, or vice-versa, because of the facts in this case the holding would be the same.

The case of *Mitchell v. Cody*, 783 F.2d 669 (6th Cir. 1986), is instructive on the issue in this case. In *Mitchell*, the Court states that under a well-recognized exception to the general prohibition against prosecuting a defendant for a greater offense, after he has already been tried for a lesser-included offense, the prosecution for the greater offense is allowed, when elements of the greater offense have not occurred at the time of prosecution for the lesser offense. Essentially, there is no constitutional requirement that the filing of a negligent driving charge be delayed indefinitely, while the police authority conducts a death vigil at the victim's bedside, in order to determine when a defendant can also be charged with vehicular homicide. *Mitchell*, 783 F.2d at 671. Similarly, even if one of the crimes is a greater or lesser offense of the other, separate trials for a greater and lesser offense are permitted where the evidence to support the greater charge did not exist or could not reasonably be discovered when the trial on the lesser charge commenced. *United States v. Tolliver*, 61 F.3d 1189, 1210 (5th Cir. 1995).

In an early double jeopardy case, the United States Supreme Court held that a double jeopardy provision of a federal statute governing the Philippine Islands was not violated when the Defendant, Mr. Diaz, was

placed on trial for homicide, after the death of the victim, even though the trial for homicide was subsequent to the trial of Mr. Diaz for assault upon the same victim in the same incident before the victim died. *Diaz v. United States*, 223 U.S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912). Likewise, in *People v. Scott*, 939 P. 2d 354 (Cal. 1997), the Court said that a constitutional bar against double jeopardy did not prevent prosecution for murder of a rape and assault victim who died from her injuries after Defendant had been convicted of other crimes arising from the assault since, at time of initial prosecution, facts necessary to sustain the murder charge, the Victim's death, had not yet occurred. The same concept was applied in *Herrera v. State*, 175 Ga. App. 740, 334 S.E. 2d 339 (1985). In *Garrett v. United States*, 471 U.S. 773, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985), Justice William Rehnquist encapsulated the applicable law when he applied the following language from *Diaz* to the *Garrett* case. *Diaz* states:

> "The death of the injured person was the principal element of the homicide, but was not part of the assault and battery. At the time of the trial for the latter, the death had not ensued and not until it did ensue was the homicide committed. Then, and not before, was it possible to put the accused in jeopardy for the offense."

223 U.S. at 449, *quoted in Garrett v. United States*, 471 U.S. 773, 791, 105 S. Ct. 2407, 85 L. Ed. 2d 764 (1985). *Whittlesey*, 301 F.3d at 216.

Additionally, in *Fugate v. New Mexico*, 470 U.S. 904, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985), the High Court upheld a decision to the effect that conviction in a municipal court of driving while intoxicated did not bar, on double jeopardy grounds, a late prosecution in a higher court for vehicular homicide based on the same act. In some circumstances, a conviction for a lesser-included offense usually precludes later prosecution for a greater offense involving the same conduct. However, if all the elements of the greater offense have not occurred when the government concluded the prosecution for a lesser-included offense, the prosecution for the greater offense is not barred. *See also, State v. Konicek*, 474 N.E.2d 363 (Ohio App. 1984); *United States v. Fultz*, 602 F.2d 830 (8th Cir. 1979); *United States v. Shepard*, 515 F.2d 1324 (D.C. Cir. 1975).

The case of *State v. Long*, 455 N.E.2d 534 (Ohio App. 1983), is likewise instructive. In that case, the victim was not pronounced dead

until three days after Defendant pleaded guilty to and was sentenced for operating a vehicle under the influence of alcohol or drug abuse. The Defendant's subsequent prosecution for recklessly causing the death of another while operating a motor vehicle was not barred by double jeopardy, because the last element of the offense of aggravated vehicular homicide did not occur until the brain death of the victim was determined by the physician. *Id.* at 536. Additionally, in *Graves v. State*, 539 S.W.2d 890 (Tex. Cr. App. 1976), the Defendant's conviction for involuntary manslaughter of a 13-year-old girl was not barred under the doctrine of double jeopardy, by a prior conviction for driving while intoxicated allegedly arising out of the same incident, when the 13-year-old girl was alive at the time of the trial for driving while intoxicated. It would have been impossible for the state to proceed on the involuntary manslaughter charge since that crime had not occurred until the victim died. Also, a prosecution for aggravated vehicular homicide of a defendant, who seven months earlier, was convicted of driving while intoxicated for conduct arising from the same automobile collision, was not barred by double jeopardy, where the driver of the other car involved in the collision had not died when the lesser offense prosecution was concluded. In that case, the victim's death was an essential element of the greater offense. *Konicek*, 474 N.E.2d at 363.

In this case, all elements of the negligent homicide charge had not occurred at the time Smith was prosecuted for negligent driving, because Mrs. Weiss was still alive when Smith pled guilty to negligent driving. The Government initiated prosecution on the only crime that it could have pursued at the time it charged Smith with negligent driving. However, now that the crime of vehicular homicide has occurred with the death of Mrs. Weiss, the Government can lawfully proceed with the charge of negligent homicide against Smith. Without Mrs. Weiss' death, there was no probable cause to charge Smith with negligent homicide at the time he was charged with negligent driving, because the crime of negligent homicide did not exist. Had the Government proceeded to file the charge of negligent homicide, when Smith was issued the traffic citation for negligent driving, such filing would have been unfounded, meritless, specious, and nonsensical. Moreover, such filing by the Government would have constituted a gross abuse of prosecutorial discretion.

301

■ In conclusion, it has long been a cornerstone of case law jurisprudence that there exists an exception to the Double Jeopardy Clause, which is that when a defendant is prosecuted for a greater offense, after having been found guilty of the lesser offense, if every element of the greater offense have not occurred prior to the resolution of the lesser offense the Double Jeopardy Clause is not violated. *See Territory of Hawaii v Nihipali*, 40 Haw. 331 (1953). Accordingly, the charge of vehicular homicide against Smith is not barred under the Double Jeopardy Clause of the Fifth Amendment. Therefore, the Court concludes that the facts in this case not only involve an exception to the Double Jeopardy Clause of the United States Constitution, but they ordinarily do not constitute double jeopardy.

Both 20 V.I.C. § 503, negligent driving, and 20 V.I.C. § 504, negligent homicide by means of a vehicle were enacted simultaneously in Act No. 1209 (April 27, 1964).[3] The Virgin Islands Legislature, in considering both sections of Act 1209 and being mindful of the essence of both crimes, made one crime a misdemeanor and the other a felony. The Virgin Islands Legislature unmistakably legislated different penalties for both crimes. The maximum penalty for negligent driving is

---

[3] "**Section 3.** Chapter 43 of Title 20 of the Virgin Islands Code is hereby amended by the addition of the following new section: § 503. Operating motor vehicle in negligent manner 'It shall be unlawful for any person to operate a motor vehicle in a negligent manner over and along the public highways of this Territory. For the purpose of this section to 'operate in a negligent manner' means the operation of a vehicle upon the public highways of this Territory in such a manner as to endanger or be likely to endanger any person or property. The offense of operating a vehicle in a negligent manner shall be considered to be a lesser offense than, but included in, the offense of operating a vehicle in a reckless manner, and any person charged with operating a vehicle in a reckless manner may be convicted of the lesser offense of operating a vehicle in a negligent manner.'

**Section 4.** Chapter 43 of Title 20 of the Virgin Islands Code is hereby amended by the addition of the following new section: § 504. Negligent homicide by means of motor vehicle 'When the death of a person ensues within one year as a proximate result of injury received by the operation of a vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the persons so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle. Any person convicted of negligent homicide by means of a motor vehicle shall be punished by imprisonment for not more than five years, or by fine of not more than one thousand dollars, or by both such fine and imprisonment.'" 1964 V.I. Sess. Laws 1209, § 3 and § 4, p. 311.

six (6) months imprisonment and a Two Hundred Dollar ($200.00) fine, whereas negligent homicide has a maximum penalty of five (5) years imprisonment and no fine.

The Territorial Legislature was acutely aware that both crimes were in the same legislative measure. Therefore, it intended to enact two separate and distinct crimes when it adroitly crafted Act No. 1209 in unambiguous language and assigned to these crimes different elements, different penalties and different citation numbers. By so doing, the manifest intent of the Territorial Legislature is obvious and eschews a violation of the Double Jeopardy Clause of the United States Constitution.

Negligent homicide was enacted to address those instances in which death ensued from a vehicular accident. In the absence of a victim's death, resulting from the negligent operation of a vehicle, negligent driving will generally apply to vehicular accidents. Consequently, when the Virgin Islands Legislature assigned separate penalties, elements, and citation numbers to both crimes, even though the two crimes may emanate from or be generated by a single incident or occurrence, it irrefutably intended to create two separate crimes. In such circumstance, the double jeopardy clause is not violated. *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980); *Albernaz v. United States*, 450 U.S. 333, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981). To contend that the Legislature did not intend to create two separate and distinct crimes would dictate a tortuous reading of the language in Act No. 1209.

In examining the provisions of Act No. 1209, it is obvious that the Territorial Legislature intended cumulative punishment under two different statutes. In instances where the United States Congress has enacted legislation mandating cumulative punishment under two statutory provisions, Federal Courts have declined to find a double jeopardy violation when an individual is charged under both provisions. *United States v. Grassie*, 237 F.3d 1199, 1212 (10th Cir. 2001); *United States v. Vartanian*, 245 F.3d 609, 616 (6th Cir. 2001); *United States v. Khalil*, 214 F.3d 111, 121 (2d Cir. 2000); *United States v. Allen*, 247 F.3d 741, 767-769 (8th Cir. 2001); *Blacharski v. United States*, 215 F.3d 792, 794 (7th Cir. 2000).

The *Blockburger* Court concisely states the single incident-two offenses scenario when it opined that, "[a] single act may be an offense

303

against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." 52 S. Ct. at 182. Even in instances where both offenses are closely related, the Defendant is not immune from prosecution for the second crime. In *United States v. Delgado*, 256 F.3d 264 (5th Cir. 2001), the Court opined that the defendant's previous conviction for conspiracy to possess with intent to distribute marijuana was insufficient to establish that his subsequent conviction for conspiracy to possess marijuana violated the Double Jeopardy Clause. Lastly, despite substantial overlap of evidence between two crimes, with different elements, Courts have refused to find a double jeopardy violation in such instances. *Johnson v. Coyle*, 200 F.3d 987, 994-995 (6th Cir. 2000); *Lucero v. Kerby*, 133 F.3d 1299, 1315 (10th Cir. 1998).

## CONCLUSION

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution does not apply to this case, because the death of Mrs. Weiss occurred subsequent to Smith entering his plea of guilty to negligent driving. All the elements for negligent homicide did not exist at the time of the proceeding on the negligent driving charge. Also, when the Territorial Legislature enacted both crimes simultaneously, it intended to enact two separate and distinct crimes with vastly different penalties. This Court holds that the crimes of negligent driving and negligent homicide are not the lesser-included or greater included offense of the other crime. This Court also holds that when a legislature enacts two crimes in the same act, with different penalties, different elements and different citation numbers, the Legislature intends to enact two crimes or offenses. The Court further holds that when a person violates two statutory crimes which have different elements, and the violations emanate from the same incident or occurrence, but one of the two crimes is completed after the resolution of or a conviction on the other crime, that person can be charged with both crimes, without violating the Double Jeopardy Clause of the United States Constitution.

Accordingly, Defendant's motion to dismiss this case, because it violates his double jeopardy Constitutional right is denied. An appropriate order will follow.