[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 30, 2009
THOMAS K. KAHN
CLERK

No. 09-10989
Non-Argument Calendar

_____

D. C. Docket No. 08-00007-CR-001-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALI RENO HARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 30, 2009)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

A Southern District of Georgia jury convicted Ali Reno Harden on all counts

of a five-count indictment: Count One, possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count Two, possession of the same firearm which had an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); Count Three, possession of more than five grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); Count Four, possession of the firearm noted above in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Count Five, possession of marijuana, in violation of 21 U.S.C. §§ 844, 851. The district court sentenced Harden to prison terms totaling 180 months.[1] Harden now appeals his convictions on Counts One through Four, contending that the evidence was insufficient to convict. We affirm.

Prior to trial, Harden stipulated that at the time of the conduct giving rise to the convictions at issue, he was a convicted felon. In addition to this stipulation, the Government's proof consisted principally of tangible evidence Laurens County Sheriff's deputies obtained pursuant to a search warrant for illegal drugs, which they executed at 513 Fair Street in Dublin, Georgia, the testimony of deputies who executed the warrant, and the testimony of Crystal Howard.

---

[1] Harden was sentenced to concurrent terms of 120 months on Counts One and Three, 60 months on Count Two, and 24 months on Count Five, and a consecutive term of 60 months on Count Four, for a total of 180 months.

The Sheriff's deputies executed the search warrant on January 10, 2008. The warrant described the 513 Fair Street address as a house. Harden, his girlfriend, and Crystal Howard lived in the house. It had two bedrooms; Crystal Howard stayed in one bedroom and Harden and his girlfriend stayed in the other. Harden's brother, "Rat," rented the house but rarely stayed there overnight.

When the deputies entered the house, they found Harden in his bedroom and, next to him on the floor, a loaded, semiautomatic pistol that had been manufactured in Florida. The serial number on the pistol had been "ground off." Harden was in his underwear. Close by were a pair of white jogging pants; Harden said the pants were his. The pants contained 25 small bags of marihuana, car keys, $324 cash, and his photo identification. The deputies also found in the bedroom a pill bottle containing 5.67 grams of crack cocaine, a digital scale, which drug dealers typically use to measure doses of the narcotics they distribute, and several documents in Harden's name.

Crystal Howard was asleep in her bedroom when the police entered the house. She awoke when the deputies told her to get out of bed. The deputies found $200 cash and a pill bottle containing less than one gram of crack cocaine in her bedroom. At Harden's trial, Howard testified that she and Harden sold crack cocaine. On two occasions, she bought crack cocaine from him. She identified

the pistol the deputies found on the floor in Harden's bedroom. It was Harden's. In the kitchen, the deputies found a box containing 25 .32-caliber bullets and one .45 caliber bullet shell.

At trial, Harden did not move the district court for a judgment of acquittal; hence, the challenged convictions will be disturbed only if we find a manifest miscarriage of justice. United States v. Edwards, 526 F.3d 747, 756 (11th Cir. 2008). A manifest miscarriage of justice exists if "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." Id. (quotation omitted). Moreover, we must accept all reasonable inferences and credibility determinations made by the jury. United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991).

To convict a defendant of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant was a convicted felon (2) in knowing possession of a firearm (3) that was in or affecting interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000). A conviction under 18 U.S.C. § 922(k) requires proof of (1) knowing possession (2) of a firearm with an obliterated serial number (3) that traveled through interstate or foreign commerce. 18 U.S.C. § 922(k); see, e.g., United States v. Betancourt, 116 F.3d 74, 75 (3d Cir. 1997). Possession

4

with intent to distribute drugs under 21 U.S.C. § 841(a)(1) requires proof of (1) knowledge, (2) possession, and (3) intent to distribute. United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008), cert. denied, 129 S.Ct. 954 (2009). A conviction for possession of a firearm in furtherance of drug trafficking pursuant to 18 U.S.C. § 924(c) requires proof of (1) knowing (2) possession of a firearm (3) in furtherance of any drug trafficking crime for which the defendant could be prosecuted in a court of the United States. United States v. Woodard, 531 F.3d 1352, 1362 (11th Cir. 2008).

Harden stipulated that he was a convicted felon and, in his brief, he admits that the gun involved in Counts One, Two, and Four had an obliterated serial number. His appeal therefore focuses on his possession of the gun in those three counts and the crack cocaine involved in Count Three.

"Possession can be actual or constructive and can be shown through direct or circumstantial evidence." United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). While a defendant's mere presence is insufficient to establish constructive possession, it is enough if the government shows that the defendant had dominion or control over the object or over the premises where the object was located. Id.; see also United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (holding that reasonable jury could have found that defendant exerted dominion

5

over firearm because firearm was found in defendant's bedroom).  The government may show dominion or control through eyewitness testimony linking the defendant to the object, as well as circumstantial evidence, such as the defendant's presence and personal effects at the location where the object was found.  See Sweeting, 933 F.2d at 965; see also United States v. Cooper, 203 F.3d 1279, 1286 (11th Cir. 2000) (holding that eyewitness testimony linking defendant with room where drugs were found coupled with evidence of large sums of currency found on his person was enough to show constructive possession of drugs).

Given the abundance of the evidence linking Harden to the gun and the crack cocaine and the bedroom where those items were found, affirming his convictions on Counts One through Four would not amount to a manifest miscarriage of justice.

AFFIRMED.