**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6770

DAVID LOUIS RICHARDSON,

Petitioner – Appellee,

v.

STATE OF NORTH CAROLINA; ROBERT SMITH,

Respondents – Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:07-hc-02099-FL)

Argued: January 27, 2009          Decided: March 11, 2009

Before WILLIAMS, Chief Judge, WILKINSON, Circuit Judge, and Arthur L. ALARCÓN, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Reversed and remanded with instructions by unpublished per curiam opinion.

**ARGUED:** Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellants. Mary Elizabeth McNeill, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Roy Cooper, Attorney General of the State of North Carolina, Raleigh, North Carolina, for Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Louis Richardson filed this 28 U.S.C.A. § 2254 (West 2006) petition for a writ of habeas corpus in the Eastern District of North Carolina, contending that his counsel was ineffective in failing to file a written notice of appeal after a state trial judge rejected his oral notice of appeal. The district court conditionally granted Richardson's habeas petition, concluding that Richardson's counsel was indeed ineffective for failing to file a written notice of appeal after the oral notice was rejected and ordering North Carolina ("the State") to grant Richardson an appeal within 90 days. For the reasons that follow, we reverse and remand with instructions to deny Richardson's habeas petition.

I.

On April 5, 2006, David Louis Richardson pleaded guilty in the Pitt County Superior Court to obtaining property by false pretenses ("Count I"), in violation of N.C. Gen. Stat. § 14-100 (2007); felony larceny ("Count II"), in violation of N.C. Gen. Stat. § 14-72 (2007); and to being a habitual felon ("Count III"), in violation of N.C. Gen. Stat. § 14-7.1 (2007). Based solely on his status as a habitual felon, Richardson faced a possible maximum punishment of 261 months. Pursuant to the terms of his plea agreement, however, several other outstanding

2

matters against Richardson were dismissed and Count I and Count II were "consolidated into one habitual felon Level [V] judgment, sentencing to be in the discretion of the Court."[1] This provision of the plea agreement lowered Richardson's potential term of imprisonment to 151 to 191 months, and, accordingly, Richardson was sentenced to a term of 124 to 158 months imprisonment—a sentence within the presumptive range under North Carolina law.

After sentencing, the following exchange took place between the trial judge and Richardson's attorney Stephan M. Hagen:

| MR. HAG[E]N: | Your Honor, I discussed with Mr. Richardson although it's the presumptive range sentence—he wants to give notice of appeal. I think he's hoping that somehow the Court of Appeals will find that my services were constitutionally inadequate and that he would get another bite of the apple. |
|---|---|
| THE COURT: | Well, he's got to have grounds for appeal, I think, in order to note his appeal. |
| MR. HAG[E]N: | All I can do—he's asking me to give notice of appeal. Mr. Richardson would like to give notice of appeal. It is a presumptive range sentence and it's in compliance with our plea agreement. I, as a lawyer, don't see grounds for an appeal but I think as a principle I always tell |

---

[1] Richardson thus stipulated to a prior record level of V for purposes of sentencing.

|   |   |
|---|---|
|   | my people—they are always free to try and ask the Court of Appeals to find out if there was a mistake.  If you say that you are not going to enter appellate entries and assign the appellate defenders, I understand, but I'm just—Mr. Richardson wants me to say he gives notice of appeal. |
| THE COURT: | I think there are certain law—some law regarding— |
| MR. HAG[E]N: | I think the statute says he's not entitled to appeal if the sentence is within the presumptive range. |

(J.A. at 86-87.)

At this point in the dialogue, the trial judge asked someone to read him the relevant statute concerning the right to appeal, N.C. Gen. Stat. 15A-1444 (2007).[2]  After

---

[2] Of course, "it is well settled that there is no constitutional right to an appeal." Abney v. United States, 431 U.S. 651, 656 (1977).  And, "[i]n North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute."  State v. Pimental, 568 S.E.2d 867, 869 (N.C. Ct. App. 2002).   Under the relevant provisions of N.C. Gen. Stat. § 15A-1444 (2007), a North Carolina defendant who has entered a guilty plea to a felony in superior court is entitled to appeal only four issues as a matter of right: (1) "whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense," § 15A-1444(a1) (emphasis added); (2) whether the sentence imposed "[r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21," § 15A-1444(a2)(1); (3) whether the sentence imposed "[c]ontains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level," § 15A-1444(a2)(2); or (4) (Continued)

4

the relevant sections of the statute had been read to the judge, the conversation continued:

| | |
|---|---|
| THE COURT: | I don't see any grounds for appeal. |
| MR. HAG[E]N: | I understand. |
| THE COURT: | Does he want to withdraw his plea? |
| MR. HAG[E]N: | I don't think he wants to withdraw his plea. It's actually less than the maximum you could give him under the agreement. |
| THE COURT: | Well, that's up to him. You might want to ask him. |

(J.A. at 89.)

After Hagen consulted with Richardson, the exchange continued:

| | |
|---|---|
| THE COURT: | Does he want to withdraw his plea? |
| MR. HAG[E]N: | No. |
| MR. RICHARDSON: | No, sir. |

---

whether the sentence imposed "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level," § 15A-1444(a2)(3). Otherwise, "the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari," and "[i]f an indigent defendant petitions the appellate division for a writ of certiorari, the presiding superior court judge may in his discretion order the preparation of the record and transcript of the proceedings at the expense of the State." § 15A-1444(e).

THE COURT:          Are you sure?

MR. HAG[E]N:        Yes, sir.

THE COURT:          Are you satisfied with your lawyer? Sir?

MR. RICHARDSON:     I mean I'm all right, sir.

THE COURT:          Are you satisfied with your lawyer?

MR. RICHARDSON:     Yeah, I'm fine. Yes, sir.

THE COURT:          And you don't want to withdraw your plea? Because I'll allow you to withdraw it.

MR. RICHARDSON:     And if I withdraw it, then that means I've got to go to trial.

THE COURT:          That's up to you.

MR. RICHARDSON:     I mean I don't want to go to trial. I already know that. With my record I know I can't win.

THE COURT:          Well, yes, but tell me. This is the third time I've asked you and you said yes twice I think.

MR. RICHARDSON:     I'm fine. I'm fine. I'm fine. I'll just write the Court of Appeals myself.

THE COURT:          Are you sure you don't want to withdraw this plea?

MR. RICHARDSON:     Yes, sir.

THE COURT:          I'll allow you to withdraw it if you want me to let you withdraw the plea.

MR. RICHARDSON:     What is the maximum I can get if I go to trial, sir? I mean I'm just asking.

6

THE COURT:              Well, your lawyer—I have always
                       found him to be very, very
                       informed about criminal law.  Has
                       he told you?

MR. HAG[E]N:           I keep telling him with a habitual
                       felon judgment every felony they
                       convict him of, the ones that he
                       pled guilty to today, that would
                       be two times the habitual felon
                       level 5, assuming they stay in the
                       presumptive range, about 300
                       months minimum.  There are several
                       other felonies that are getting
                       dismissed and then this one down
                       in Craven County.

THE COURT:             There it is.  Do you want to withdraw
                       your plea?

MR. RICHARDSON:        No, I'll stick with it.

THE COURT:             And you are sure?

MR. RICHARDSON:        I'm sure.

THE COURT:             All right.

(J.A. at 89-91.)

As this exchange makes clear, seeing no grounds for appeal,
the judge refused to accept the oral notice of appeal, to
appoint an appellate attorney, or to make appellate entries.
And, neither Hagen nor Richardson himself filed a written notice
of appeal on Richardson's behalf.

On February 2, 2007, Richardson filed a pro se motion for
appropriate relief ("MAR") in the Pitt County Superior Court.
In that motion, Richardson stated:

Defendant was not advised of his right to appeal.  No
appeal was entered in open court on his behalf and the

7

time period for doing so pursuant [to] Rule 4(a) has now expired. Therefore, Defendant now move [sic] the court for appropriate relief from the Judgement [sic] . . . .

(J.A. at 95-96). The MAR court summarily denied Richardson's claims for relief. Richardson then filed a pro se petition for writ of certiorari with the North Carolina Court of Appeals, which was also denied.

On May 18, 2007, Richardson filed a pro se § 2254 petition in the Eastern District of North Carolina, alleging that his sentence was illegal, that he received ineffective assistance of counsel, that he was denied his right to appeal, and that the state court did not have jurisdiction over him. The State filed a motion for summary judgment arguing that Richardson's claims were without merit. The district court granted the State's motion for summary judgment with respect to all of Richardson's claims except his claim that his counsel failed to file a notice of appeal at Richardson's request. The district court ordered an evidentiary hearing to consider Richardson's contention that his trial counsel failed to note an appeal on his behalf, but ultimately vacated that order after the State produced a copy of the stenographic transcript of Richardson's guilty plea proceeding.

On May 2, 2008, the district court issued an order conditionally granting Richardson's habeas petition, concluding

that "Hag[e]n's failure to file a notice of appeal on behalf of petitioner was per se ineffective assistance of counsel." (J.A. at 170.) The order stated that the writ would not issue if the State granted Richardson a belated appeal within 90 days.

The State appealed, and we possess jurisdiction pursuant to 28 U.S.C.A. §§ 1291 and 2253 (West 2006).

## II.

### A.

We review de novo the district court's decision to grant Richardson's § 2254 petition based on the state court record, applying the same standards as the district court. Whittlesey v. Conroy, 301 F.3d 213, 216 (4th Cir. 2002). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), however, our review of the relevant state court decision is highly constrained. Jackson v. Johnson, 523 F.3d 273, 276 (4th Cir. 2008). We may not grant a petition for habeas relief in cases where a state court considered a claim on its merits unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. § 2254(d)(1).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite

9

to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). And, a state court's decision involves an unreasonable application of federal law when the state court "correctly identifies the governing legal rule [from the Supreme Court's cases] but applies it unreasonably to the facts of a particular . . . case," id. at 407-08, or "applies a precedent in a context different from the one in which the precedent was decided and one to which extension of the legal principle of the precedent is not reasonable [or] fails to apply the principle of a precedent in a context where such failure is unreasonable," Robinson v. Polk, 438 F.3d, 350, 355 (4th Cir. 2006) (internal quotation marks and citation omitted). "The state court's application of clearly established federal law must be 'objectively unreasonable,' for a 'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly.'"[3] Jackson, 523 F.3d at

---

[3] We also note that the deference we owe the MAR court's denial of Richardson's ineffective assistance of counsel claim is not lessened by the fact that the MAR court denied the claim in a summary order without explaining its rationale. Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000) (en banc) ("[W]e may (Continued)

10

277 (quoting Williams, 529 U.S. at 409, 411). "The phrase 'clearly established federal law' refers 'to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" Id. (quoting Williams, 529 U.S. at 412).

B.

On appeal, the State contends that Richardson is not entitled to habeas relief on his ineffective assistance of counsel claim because the MAR court's denial of that claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law. According to the State, Hagen was not ineffective for failing to file a written notice of appeal after Richardson's guilty plea because North Carolina procedural rules do not require or express a preference for written notice and the trial court had already refused to accept oral notice. Richardson counters that his counsel's failure to file a written notice of appeal after the trial court rejected the oral notice constitutes ineffective assistance of counsel and that the MAR court's denial of his ineffective assistance of

---

not presume that [the] summary order is indicative of a cursory or haphazard review of [the] petitioner's claims. Rather, the state court decision is no less an adjudication of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." (internal quotation marks and citation omitted)).

counsel claim was contrary to, or involved an unreasonable application of, the United States Supreme Court's decisions in Strickland v. Washington, 466 U.S. 668 (1984), and Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Before resolving this dispute, we review the relevant Supreme Court case law.

In Strickland, the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, 466 U.S. at 687, and announced the following test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," id. at 688, and (2) that counsel's deficient performance prejudiced the defendant, id. at 692.

In Flores-Ortega, the Supreme Court held that the Strickland test applies to claims, like Richardson's, that counsel was constitutionally ineffective for failing to file a notice of appeal. Flores-Ortega, 528 U.S. at 477. As to Strickland's first prong, the Court noted that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," but that "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed

12

deficiently." Id. at 477. In cases where the defendant does not provide the attorney with explicit instructions about whether to file an appeal, the Flores-Ortega Court explained that "whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal," id. at 478, and that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing," id. at 480.

As to Strickland's second prong, the Flores-Ortega Court observed that a presumption of prejudice applies when an attorney's deficient performance "deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484. Of course, "whether a given defendant has made the requisite showing will turn on the facts of a particular case." Id. at 485. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination," id. at

13

485, and "a defendant's inability to specify the points he would raise [on appeal] . . . will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed," id. at 486 (internal quotation marks and citation omitted).

## C.

### 1.

The ultimate question that we must answer in this appeal—the same question the district court faced below—is whether the MAR court's denial of Richardson's ineffective assistance of counsel claim was contrary to, or an unreasonable application of, Strickland. On the record before us, we conclude that it was not.

In this case, consistent with the Supreme Court's instruction in Flores-Ortega, Richardson's counsel consulted with his client about an appeal and attempted to carry out the explicit instructions of his client by orally noticing an appeal at the sentencing hearing. The trial court rejected that notice.

Richardson first complains that the trial court improperly rejected his oral notice of appeal because it saw no grounds for appeal. On this point, Richardson is correct; the North Carolina appellate procedures do not require a notice of appeal to state the grounds for appeal. See N.C. R. App. P. 4(b).

Nevertheless, to the extent that Richardson's claim for habeas relief rests on the state court's erroneous application of state law, it must fail. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law. . . . [W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (internal citations omitted)).

2.

Richardson's more nuanced argument for habeas relief is that his counsel's conduct was ineffective as a matter of federal constitutional law because, if counsel had filed a written notice of appeal with the clerk of the Superior Court, "[t]he jurisdiction of the trial court with regard to [his] case [would have been] divested," N.C. Gen. Stat. § 15A-1448(a)(3) (2007), and his appeal would have proceeded despite the trial court's erroneous rejection of his earlier oral notice of appeal. The MAR court implicitly determined that Richardson's counsel's conduct—that is, his failure to end-run the court's erroneous rejection of oral notice with a written notice—"fell [within] an objective standard of reasonableness," Strickland, 466 U.S. at 688, and we fail to see how the MAR court's determination that Richardson did not receive ineffective

15

assistance of counsel was contrary to, or an unreasonable application of, clearly established Federal law.

In so holding, we first emphasize that this case involves the North Carolina Rules of Appellate Procedure, not the Federal Rules of Appellate Procedure ("FRAP"). In concluding that Richardson's counsel was required to file written notice after the oral notice was rejected, the district court relied on McCoy v. United States, No. 3:06CV313-V-02, 2006 WL 2241156 (W.D.N.C. Aug. 3, 2006) (unpublished). In McCoy, the district court found that trial counsel provided ineffective assistance of counsel by failing to file a written notice of appeal after the petitioner attempted to file oral notice of appeal but was told by the judge that he had to file a written notice of appeal within 10 days. Id. at *1-2. McCoy, however, was decided under the FRAP not the North Carolina Rules of Appellate Procedure, and thus any reliance on McCoy in the case before us is misplaced.

Unlike the FRAP, which do not provide for oral notice of appeal, see Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." (emphasis added)), North Carolina Rule of Appellate Procedure 4(a) provides that "[a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may

16

take appeal by (1) giving oral notice of appeal at trial, <u>or</u> (2) filing notice of appeal with the clerk of superior court . . . ."[4] N.C. R. App. P. 4(a) (emphasis added). Importantly, this rule gives a criminal defendant the <u>option</u> to file a notice of appeal either orally or in writing, but it neither expresses a preference for written notice over oral notice nor mandates that courts must treat a written notice differently than an oral notice—and the parties have not pointed us to any other provision of North Carolina law that does so. Thus, although counsel in <u>McCoy</u> was certainly ineffective for failing to file a written notice of appeal given that the FRAP provide only for written notice, we would find it difficult to say that Richardson's counsel's failure to file written notice falls below an objective standard of reasonableness. But we need not go that far, for it certainly was not an unreasonable application of <u>Strickland</u> for the MAR court to reach that conclusion. This is so because the North Carolina Rules give criminal defendants the option of filing either oral or written notice.

---

[4] In North Carolina, "[n]otice of appeal shall be given within the time, in the manner and with the effect provided in the rules of appellate procedure." N.C. Gen. Stat. § 15A-1448(b).

17

Second, we note that after the court rejected the oral notice of appeal, the court asked Richardson repeatedly if he wished to withdraw his guilty plea in light of the fact that the court was not going to enter a notice of appeal. In response, Richardson himself told the court, "I'm fine. I'm fine. I'm fine. I'll just write the Court of Appeals myself." (J.A. at 90.) And, as noted above, Richardson did ultimately file a petition for writ of certiorari, but it was denied. Under these circumstances, we think that Richardson's statement relieved his counsel of any further obligations respecting Richardson's appeal—it indicated Richardson's desire to forego a written notice of appeal in favor of Richardson filing a petition for a writ of certiorari with the appellate division, which was his appropriate remedy under § 15A-1444(e). Cf. Flores-Ortega, 528 U.S. at 477 ("[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

In sum, we are mindful that "courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and that "judicial scrutiny of counsel's performance must be highly deferential." Flores-Ortega, 528 U.S. at 477 (internal quotation marks and citations omitted). Here, Hagen

18

consulted with Richardson and attempted to enter an oral notice of appeal on his behalf but it was rejected; North Carolina law gives defendants the option to file either oral or written notice of appeal and does not provide for different treatment of oral and written notices; and Richardson himself, when questioned by the court, accepted that his appropriate remedy was not to file a notice of appeal, but to petition for a writ of certiorari. On these facts, and under the highly deferential AEDPA standard, we simply cannot say that the MAR court's denial of Richardson's ineffective assistance of counsel claim was contrary to, or an unreasonable application of, clearly established federal law.

## III.

For the foregoing reasons, we reverse the district court's judgment granting the writ of habeas corpus based on ineffective assistance of counsel and remand with instructions to deny Richardson's § 2254 petition.

<u>REVERSED AND REMANDED WITH INSTRUCTIONS</u>